UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAWRENCE A. BASTA,

                         Plaintiff,

          v.

ANDREW SAUL,
Commissioner of Social Security,

                         Defendant.
_____

DECISION AND ORDER

18-CV-0986L

      Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #22). Pursuant to a contingent fee agreement permitting an award of attorney's fees of up to 25% of the past-due benefits award, plaintiff's counsel, William C. Bernhardi, seeks an award of $25,000.00 (15% of the award for past-due benefits), and will refund to plaintiff the $5,311.82 previously awarded for attorney fees under the Equal Access to Justice Act ("EAJA"). The Commissioner does not oppose plaintiff's motion, and has filed a response indicating that the *de facto* hourly rate requested by plaintiff's counsel is within a range of rates variously "approved and disapproved" in this Circuit, and that "there is no evidence of fraud or overreaching" in counsel's fee request. (Dkt. #24 at 5).

      The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625

(W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time records submitted by plaintiff's counsel (Dkt. #22-5), and I find no evidence of delay or duplication of effort: to the contrary, counsel's records reflect particularly efficient handling of the matter. The Court has also considered the deference that is owed to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The Court further notes that the amount sought (15% of the past-due benefits award) is significantly less than both the statutory 25% cap, and the 25% counsel might have sought under plaintiff's fee agreement. *See* 42 U.S.C. §406(b)(1)(A).

The amount of attorney's fees that counsel stands to receive – $25,000.00 – results in a *de facto* hourly rate of $892.86 for 28.0 hours of attorney time. This amount is within the range of awards approved in similar cases. *See e.g. McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 (*de facto* rate of $1,051.64 is not unreasonable); *Rice v. Commissioner*, 2019 U.S. Dist. LEXIS 6405 at *6 (W.D.N.Y. 2019)(collecting cases, and noting that hourly rates of $726.40 per hour and similar are not unreasonable); *McCarthy v. Colvin*, 2016 U.S. Dist. LEXIS 78273 at *4-*5 (W.D.N.Y. 2016)(finding a *de facto* hourly rate of $758.69 per hour to be reasonable, and observing that Second Circuit has upheld fee awards at higher rates); *Baker v. Colvin*, 2014 U.S. Dist. LEXIS 109038 at *4 (W.D.N.Y. 2014)(*de facto* hourly rate of $1,308.79 is not unreasonable).

2

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #22) in the amount of $25,000.00 is granted. The award is to be made payable to the William C. Bernhardi Law Offices, PLLC, attorneys for plaintiff. If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        November 16, 2020.